## Chambers v. Foley, Appellant.

*Real property—Deeds—Building restrictions — Construction — Equity—Injunction.*

In a suit in equity to enjoin defendant from erecting a theatre on his land, in alleged violation of a restriction in defendant's deed providing "that no building shall be erected thereon fronting on said Chester or Springfield avenues, or in Fifty-second street other than dwelling houses," where defendant claimed that the building came within an exception providing that "this restriction shall not apply to so much of the ground as fronts on Chester avenue from Fifty-second street to Paxon street," and where it appeared that defendant's land was situated on Chester avenue between Paxon street and Fifty-second street, but that it fronted on Fifty-second street, the court made no error in granting the relief prayed for.

Argued March 27, 1914.   Appeal, No. 90, Jan. T., 1914, by defendant, from decree of C. P. No. 5, Philadelphia Co., Sept. T., 1913, No. 2534, awarding injunction in case of William W. Chambers v. Walter C. Foley.   Before Fell, C. J., Mestrezat, Potter, Elkin and Moschzisker, JJ.   Affirmed.

1914.]    Opinion of Court below—Assignment of Error.

Bill in equity for an injunction to enforce a building restriction.

On final hearing, RALSTON, J., filed the following opinion:

The restriction in the deed for defendant's lot provides "that no building shall be erected thereon fronting on said Chester or Springfield Avenues or on 52nd Street other than dwelling houses." It appears from the bill and answer and the evidence, that the defendant proposes to erect on his lot a theatre, fronting on Fifty-second street, covering the entire Fifty-second street front of the lot. This is in direct violation of the terms of the restrictions that no buildings shall be erected fronting on Fifty-second street other than dwelling houses. The proposed building of the defendant is to extend along Chester avenue as far as Paxon street. The defendant claims that the building comes within the exception to the restriction which is in the following words: "This restriction shall not apply to so much of the ground as fronts on Chester avenue from Fifty-second street to Paxon street, where other buildings of at least the same height and similar architecture to said dwelling houses may be erected."

It is not necessary to consider whether the theatre proposed to be built would be contrary to this restriction as not being of similar architecture in the dwelling houses.

The theatre is on the ground fronting on Fifty-second street and, therefore, within the words of the restriction, and its building would be a violation of the restriction in the defendant's deed.

The court awarded the relief prayed for. Defendant appealed.

*Error assigned*, among others, was the decree of the court.

E. Clinton Rhoads, with him Samuel R. Lazowick, for appellant.

*John G. Johnson,* with him *Sidney E. Smith,* for appellee.


PER CURIAM, April 27, 1914:

The decree is affirmed on the opinion of Judge RALSTON.