Pastore, Appellant, *v.* Lake Shore Maintenance Association.

Argued November 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before ROSSITER, J.

*Barney Bernard,* with him *Evans, Johnson, Scarpitti & Bernard,* for appellant.

*William C. Sennett,* with him *Thomas J. McCarthy,* and *Shreve, Sennett, Coughlin & McCarthy,* for appellee.

OPINION BY WATKINS, J., March 21, 1962:

This is an appeal from the order of the Court of Common Pleas of Erie County, refusing plaintiff's petition for declaratory judgment. The facts forming the basis for this action are as follows: The plaintiff-appellant, Anthony Pastore, a building contractor, purchased lot No. 115, in the Lake Shore Club District subdivision, located in the Township of Fairview, County of Erie, on February 25, 1957. The lot, as purchased, was subject to certain restrictions which were known to the plaintiff at the time of the purchase of the lot and which were matters of record in Erie County, having been formalized in 1928 under a Declaration of Restrictions. This subdivision was originally laid out by the Hardscrabble Farm Real Estate Trust which subsequently was transferred to George B. Taylor. The duty to enforce the restrictions fell upon the Lake Shore Maintenance Association, successors in interest to the trustees and owners.

Some time subsequent to April 3, 1961, the plaintiff submitted plans for the construction of a home on Lot No. 115, which home was to contain 1616 square feet of living area. The Board of Directors of the Lake Shore Maintenance Association refused to approve the plans and advised the plaintiff that on April 3, 1961, the Board of Directors had established a requirement that all buildings to be built in said subdivision shall contain not less than 1700 square feet of living area for ranch style houses. The plaintiff then filed his petition for a Declaratory Judgment alleging that said requirement was beyond the authority of the Board of Directors and was arbitrary and unreasonable. Other issues raised in the petition was whether or not the charge of a road damage fee of $125 and a building

permit feet of $3 for each One Thousand Dollar valuation was authorized or reasonable.

The plaintiff was aware of the restrictions and the fact that the board of Directors had from time to time changed the requirement of the number of square feet of living area necessary for approval of plans for construction in the area, as he and other members of his family had previously constructed several homes in this same subdivision.

Under the schedule of covenants and restrictions in Item (7), the following is set forth:

"(7) No residence or other structure, shall be erected or maintained on any lot until the plans, specifications, elevation, location and grade thereof, with color scheme for said residence or structure, shall first have been presented to the Maintenance Association, and by it approved in writing, but such approval shall not be arbitrarily withheld or delayed, it being the intention hereof that the Maintenance Association is to exercise said granting or withholding such approval for the purpose of maintaining a high class, restricted residential district, free from objectionable or value destroying features in the Section of the Lake Shore Club District in which the premises are located to the end that each lot owner in such section shall be protected against improvements of an inferior style, character or appearance, which will interfere with the beauty and harmony of a high class restricted, residential district, or tend to reduce the value thereof.

"No material change or alteration shall during said period, be made in the exterior design of any building, after the original construction thereof, until written approval thereof has been given by the Maintenance Association.

"In the event of approval or disapproval on the part of the Maintenance Association either the Trustees or the purchaser may demand arbitration as to the pro-

priety of such action, whereupon each party shall choose one arbitrator, and said two shall choose a third, and the decision of a majority of said three shall be final and conclusive of the question involved.".

The rule for many years in Pennsylvania has been that a restriction which has been imposed on real property for the benefit of the owner of other property and which creates an equitable right in the nature of an easement in that owner's behalf may be enforced without regard to whether it is inserted by way of a condition, covenant, or otherwise. Restrictions which have been enforced include those restricting the type of building, limiting the height or size of buildings and so forth. *Chambers v. Foley*, 245 Pa. 164, 91 A. 350 (1914); *Wesley v. Sulzer*, 224 Pa. 311, 73 A. 338 (1909). Such restrictions might not be enforced where there has been a change of surroundings in the neighborhood or in the character of the improvements and in the purposes to which the restrictions are applied. *Orne v. Fridenberg*, 143 Pa. 487, 22 A. 832 (1891).

However, this is not the situation in the area subject to this dispute. Since the end of the second World War, this subdivision has developed into a very high class and high type development, with the duty of protecting the value of the homes already built in the area falling upon the maintenance association and the requirements established by this association so long as they are reasonable and not arbitrary to serve the purpose for which they were designed, are enforceable. It is the opinion of this Court as it was the opinion of the lower court that the restriction as set forth was reasonable under the circumstances.

The objection as to the road damage fee and the building permit fee, which items do not amount to restrictions, but are service charges fixed as a matter of administration of the association and do not appear to this Court to be unreasonable nor apparently did

they to the plaintiff under the terms of the agreement entered into between the plaintiff and the defendant in settling a prior action.

Order affirmed.