Scott et ux., Appellants, *v.* Owings.

Argued December 12, 1972.   Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Joseph Neff Ewing, Jr.,* with him *Joseph Neff Ewing,* for appellants.

*Sondra K. Slade,* with her *Fronefield Crawford,* and *Crawford & Diamond,* for appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

Appellants contend that a restriction on the use of land created in 1929 deeds, covering a 53 acre tract of land, should be declared null and void because such changes have occurred in the neighborhood that the restriction is obsolete and no longer of substantial value to the owners seeking enforcement of it. The lower court upheld the restriction and we affirm.

The tract of land is located in Tredyffrin Township, Chester County. Appellants, who own an eight acre lot in the tract, seek to lift a restriction which prohibits the construction of dwelling houses on lots of less than two acres. If the restriction is lifted, appellants intend to subdivide their tract and build dwellings upon lots of two-thirds of an acre as permitted by the township zoning ordinances. Appellant, an experienced home builder in the area, purchased the lot in 1957 with record notice of the restriction. Appellees, owners of dwellings on lots each in excess of two acres, purchased their lots with notice of, and relying upon the restriction.

Within the restricted tract are eight dwellings, and, except for spaces cut out for the location of dwellings and driveways, the tract is thickly wooded and undeveloped. The tract is bounded on the north by Pugh Road, on the east by Old Eagle School Road, and on the south by Weadly Road. There is no identifiable boundary on the western part of the tract.

When the restrictions in question were imposed by the original grantor, the area was basically rural, although some residential development had already begun directly east of the tract along Old Eagle School Road, and directly north of the tract along Pugh Road.

Since that time the remote areas to the south, east, and west of the tract have undergone considerable single family residential development, most of which is

on lots of 30,000 square feet. Only one of the residential subdivisions is directly adjacent to the 53 acre tract. That division adjoins the tract on the southwest corner and extends north along approximately one-half of the western boundary. To the north of this subdivision (adjoining the northwest boundary of the tract) the land is free of concentrated development. Northeast of the tract is a large and totally undeveloped area of land used as a tree nursery. Approximately one-quarter to one-half of a mile north of the tract is a small subdivision development. Beyond that, there is virtually no residential or other development of the land to the north, northeast, or northwest of the tract.

Within the tract itself, there are four violations of the restriction—dwellings built on lots of less than two acres. The lower court found as a fact that appellees were not aware that the dwellings were in violation of the restriction. The four dwellings were built approximately 15 years ago.

That there have been changes in the general area in which the tract is located is not disputed. The question is whether there have occurred such changes in the *neighborhood* that the restriction is no longer of substantial value to the owner seeking enforcement. *Schulman v. Serrill*, 432 Pa. 206, 246 A. 2d 643 (1968) ; *Todd v. Sablosky*, 339 Pa. 504, 15 A. 2d 677 (1940) ; Restatement, Property, §564. The value referred to must be in the physical use or enjoyment of the land, and, the restriction must, in some way, make the use or enjoyment more satisfactory to the owner's physical senses. *Schulman v. Serrill*, supra ; Restatement, Property, §537.

Appellant's exhibits (aerial photographs, highway and zoning maps) depict an area encompassing the entire township and parts of the adjoining counties. Much of the area shown is irrelevant to our inquiry because only the *immediate* and not the remote neighbor-

hood should be considered in evaluating the effect of changes upon the restricted tract. *Schulman v. Serrill,* supra; *Price v. Anderson,* 358 Pa. 209, 218, 56 A. 2d 215 (1948).[1]

As we previously indicated, the northern, eastern, and northwestern areas adjacent to the tract have not undergone any dense residential development. The dwellings which have been built along Pugh Road to the north, and Old Eagle School Road to the east are but a part of construction which began before the restrictions were imposed, and thus cannot be properly viewed as significant changes in the neighborhood or changes not contemplated by the original grantor. The only dense development which has occurred in the area is the south and southwest of the tract, a very small portion of the adjacent neighborhood.

After a careful review of the record, the aerial photographs and maps supplied by the parties, we are of the opinion that, notwithstanding the changes which have occurred in the area, there have not been such *changes in the immediate neighborhood* that enforcement of the restriction is a useless act.[2] The restric-

---

[1] The relevant neighborhood might even be limited to the tract itself. See *Beck v. Frost,* 22 Pa. D. & C. 2d 475 (1960). This would be appropriate where the restricted property is surrounded by boundaries which tend to physically separate the restricted properties from the adjacent ones, thus minimizing the effect which changes in the neighborhood have upon the restricted property. *Schulman v. Serrill,* supra, 432 Pa. at 212. In this regard we note that the tract is separated from the areas north and east of the tract by two wide tree-lined roadways and that the dwellings on both roads are on wooded lots with houses set back at considerable distances from the roadway.

[2] *Rome v. Rehfuss,* 391 Pa. 82 (1958), cited by appellants, does not factually support their position. In adopting the opinion of the lower court which held a restriction of one dwelling per lot to be invalid because of changed conditions, the Supreme Court did not indicate the lot sizes, or the character of the changes which oc-

tion continues to benefit the owners seeking enforcement thereof by preventing the encroachment of dense residential development and the attendant losses of space and privacy and the spoliation of the natural sylvan landscape. The dwellings within the tract, despite the changes in the neighborhood, remain secluded with considerable wooded and undeveloped acreage surrounding them. Development of the appellant's acreage in the manner proposed by him[3] would be likely to destroy the present nature of the tract,[4] and considerably lessen the advantages secured to the appellees by the enforcement of the restriction. These advantages are of certain value to dominant owner's physical use and enjoyment of the land. We can therefore conclude that "the locality has not reached the point when enforcement of the covenant . . . for the property owner can be said to be a useless act." *Loeb v. Watkins,* 428 Pa. 480, 486, 240 A. 2d 513 (1968) (concurring opinion).

The judgment of the lower court is affirmed.

---

curred in the neighborhood, or the effect of such changes upon the restricted lots. In that case, moreover, all other lot owners had released their lots from the restriction in the adjacent area, and plaintiffs themselves were in violation of the restrictions. None of these elements are involved in this appeal.

[3] Our disposition of the case does not prevent appellant from developing his land in a manner allowed by the restriction.

[4] Appellant does not argue that the presence of four violations within the tract voids the restriction. Only where violations are permitted to such an extent so as to indicate that the entire restrictive plan has been abandoned will objection to further violations be barred and enforcement of the restriction denied. *Benner v. Tacony Athletic Association,* 328 Pa. 577 (1938). The violations involved herein are so innocuous that, as the lower court found, appellees did not even know of their existence. Although they do represent denser development within the tract, the presence of four violations on a tract of 53 acres does not indicate the intent to abandon the entire restrictive plan.