380 A.2d 375

**Carl E. RIECK, Jr. and Joan Degnan Rieck, his wife**

**v.**

**VIRGINIA MANOR COMPANY et al.**

Superior Court of Pennsylvania.

Argued April 14, 1976.

Decided Dec. 2, 1977.

60

John B. Nicklas, Jr., Pittsburgh, with him Alan M. Bloch, Pittsburgh, for appellant at No. 811, and appellee at No. 824.

Richard G. Kotarba, with him Myer, Unkovic & Scott, Pittsburgh, for appellant at No. 824, and appellee at No. 811.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the decision of the Court of Common Pleas of Allegheny County, Civil Division, sitting in equity and involves the interpretation and application of restrictive covenants in a deed.

Plaintiffs, property owners of certain lots situate in Virginia Manor, Mount Lebanon Township, Allegheny County

Pennsylvania, initiated an action to quiet title against the defendants in order to quiet a certain deed restriction in their chain of title and to reduce building lines applicable to their property. Their complaint was answered and on April 24, 1974 and November 4, 1974 hearings were held before the court sitting in equity. On January 21, 1975 the court handed down its order holding that the building line was reduced from sixty feet to fifty feet and that the restrictive covenant did not forbid the erection of one residence or two residences on plaintiffs' lot. This appeal followed the dismissal of the exceptions filed to said order.

On October 14, 1939, October 1, 1940 and May 6, 1941, Virginia Manor Company conveyed to Carl E. Rieck and Edna Lanz Rieck, his wife, three adjoining lots or strips of land situate in Mount Lebanon Township. The three lots had a combined area of 61,224 square feet and consisted of what are now identified as Block and Lot numbers 100–M–190 and 100–M–186. The composite tract faced on and was located to the west of Division Street (now Manor Place) and was between Osage and Valleyview Roads. The deeds contained the following restrictions which is the matter in controversy:

". . . nor shall any building except one to be used as a dwelling house of the type and design to accommodate one family only with garage to be erected on said lot; said dwelling house shall cost not less than $12,000.00."

At the time of said conveyance the land in question was rural in nature but it was the intention of Virginia Manor Company that the land situate at and to the west of Division Street (Manor Place) was to be developed into larger tracts. In 1941 Carl E. Rieck and Edna Lanz Rieck erected a mansion type dwelling on what is now identified as Block and Lot numbers 100–M–190. A swimming pool was later added and was constructed on Block and Lot No. 100–M–186.

Subsequent to these conveyances, two single lots near the Rieck property were sold subject to the same deed restric-

tions. These lots were later subdivided into two separate lots each on which separate residences were built.

In 1962, Carl E. Rieck, a widower, conveyed the 61,224 square foot tract, together with residence and swimming pool to Carl E. Rieck, Jr. and Joan Degnan Rieck, his wife, the plaintiffs in this action. In 1965, a cabana with concrete foundation and equipped with water and electricity was erected on Block and Lot No. 100–M–186. In 1971, plaintiffs conveyed 100–M–190 to another couple but retained 100–M–186. Plaintiffs initiated the action to quiet title on November 13, 1972, declaring their intention to subdivide 100–M–186 into two separate lots and asking that the sixty foot building line applicable to said lot on both the Osage and Valleyview sides be reduced to fifty feet. After the dismissal of all the exceptions to the order of January 21, 1975 by final order, these appeals were taken.

Restrictive covenants which restrict the use of property, although not favored by the law, are legally enforceable. *10 P.L.E. 277, Covenants, § 13.* Such covenants are strictly construed against those attempting to enforce them. *Satterthwait v. Gibbs*, 288 Pa. 428, 135 Pa. 862 (1927). In construing such covenants and restrictive agreements, the intentions of the parties thereto govern and outmoded restrictions will not be enforced and must give way to new and modern uses of property. *10 P.L.E. 280, Covenants, § 13.* However, restrictions in deeds as to the erection or use of buildings or other structures are lawful and enforceable. *McCandless v. Burn*, 377 Pa. 18, 104 A.2d 123 (1954). In our case the plaintiffs argue, in effect, that the restriction set forth in their deed is a use restriction which allows only one-family residential units to be built on the real estate. The defendants argue that the said restriction is, not only a use restriction restricting the property to one-family dwelling units, but also a building restriction restricting the real estate to one such dwelling per lot. A building restriction and a use restriction are wholly independent of one another, and one is not to be extended so as to include the other unless the intention so to do is expressly and plainly stated.

64

*Jones v. Park Lane For Convalescents*, 384 Pa. 268, 120 A.2d 535 (1956).

██ The deed restriction in the instant case states that ". . . (N)or shall any building except one to be used as a dwelling house of the type and design to accommodate one family with garage be erected on said lot . . ." The use of the singular in the use of the word "building . . one" and "dwelling house" clearly establish that the intent of the parties was to include both a use restriction and a building restriction in the deed. It is evident that only one dwelling type building of the nature and type described in the covenant (one family) was to be constructed on each lot. There is no doubt that it would have been better for the original grantors to have broken down each such restriction into a separate paragraph in the deed. However, this failure does not in any way affect the clear meaning of the restrictive covenant and therefore we are constrained to hold that the said restrictions included both a use and a building restriction and that only one single family dwelling house was to be permitted on the lot by the terms of the deed.

██ The plaintiffs argue that even if the deed restriction was both a building and a use restriction that the defendants have no standing to complain of any such deed violations. Plaintiffs' contention is based upon the claim that the defendants are estopped from enforcing the restriction because they have waived or abandoned their right to do so since they acquiesced in prior violations of the restrictive covenant by third parties in the immediate area and because they acquiesced in the construction of the swimming pool and cabana on Lot 100–M–186. However, the deviations from the deed restrictions were minor and the court below found as a fact that there had been no change in the character of the neighborhood. In order to effect a release or discharge of the real covenants the burden of proof is upon the owners of the servient tenements to show that the original purpose and intent of the restrictions have been materially altered or destroyed by changed conditions and

that substantial benefit and advantage may not inure to the owners of the dominant tenement by the enforcement of the restrictions. *Scott v. Owings*, 223 Pa.Super. 481, 302 A.2d 423 (1973). The deviations from the restrictive covenants in the instant case were minor and in no way resulted in an abandonment of the original plan for the area. Therefore no abandonment of the covenants has occurred.

█ The original deeds also contained a restrictive covenant forbidding the construction of any "building or part thereof except eaves, open porches, steps, or other similar parts of said building" within sixty feet of the side lines of the property. In its order the court below reduced this building restriction from sixty feet to fifty feet. This was done because the court below had permitted the plaintiffs to carry out their plans to subdivide the lots and pursuant to those plans the lots which plaintiffs would develop would front Osage and Valleyview Roads and the building lines thereon were only fifty feet. Because we hold that the restrictive covenants are valid and the plaintiffs' subdivision plans are not in harmony with such plans we hold that the sixty feet building restrictions in the original deeds may be enforced and that the plaintiffs' cannot violate said sixty foot restriction. Since there has been no material change in the character of the area and since we hold that the restrictive covenants are therefore valid we will not disturb the sixty foot setback restrictions in the deeds.

█ Plaintiffs also argue that their subdivision plans would be in substantial conformity with the vast majority of lots in the area. If subdivided each lot would have an area of approximately 12,450 square feet. Out of a total of 134 lots in the area only 12 lots do not exceed 13,000 square feet in area. Therefore it appears that the court's determination that the plaintiffs' lots, as subdivided pursuant to their plans, would be in substantial conformity with the other lots in the development is erroneous. To the contrary it appears that the plaintiffs' plans to subdivide Lot 100–M–186 and to reduce the building restrictions to fifty feet would violate the terms of the restrictive covenants and would alter the character of the neighborhood.

The order of the court below, dated June 30, 1975, is reversed.

HOFFMAN, J., concurs in the result.