## Mock v. Hoffman

*Richard H. Russell,* for plaintiff.
*Richard T. Williams, Sr.,* for defendants.

SHAULIS, *J.,* July 8, 1980—This case is presently before this court on plaintiff's motion for partial summary judgment pursuant to Pa.R.C.P. 1035. Essentially, there are two questions to be answered at this point: (1) Does plaintiff have standing to enforce the deed restriction? and (2) does that deed restriction mean that the property involved may have only one dwelling house constructed upon it?

The question about standing is based upon an interpretation of the nature of the covenant involved. Fundamentally, there are two types of covenants that may be utilized in a real estate transaction: (1) a personal covenant, or (2) a real covenant. Basically, a personal covenant is enforceable only between the parties involved, whereas a real covenant is one which goes with the land and may be enforced by such persons holding the land.

"A real covenant is one which binds heirs of the covenantor and passes to assignees or purchasers. It is a covenant the obligation of which is so connected with the realty, that he who has the latter is either entitled to the benefit of it or is required to perform it." 10 P.L.E. Covenants 265 §1.5.

A personal covenant is one which binds only the covenantor and is not intended to become a charge on the realty. DeSanno v. Earle, 273 Pa. 265, 117 A. 200 (1922). "The test in determining whether a particular covenant runs with the land is the intention of the parties; and to ascertain the intent, resort may be had to the words of the covenant in the light of the surrounding circumstances and the subject of the grant." Id. at 270. See also: 10 P.L.E. Covenants 287, §18.

In the case now at bar, we have for analysis a series of deeds each containing the following language:

"1. Said premises shall not at any time hereafter be used for the conduct of any business establishment whatever, nor for the storage of any junk, or for any purpose than that of a private dwelling house with private garage.

2. No dwelling house shall be erected or constructed upon the above described lot at a cost of less than Five Thousand ($5,000.00) Dollars.

3. No cows or pigs shall be kept upon the premises or permitted to be there at any time."

It is the first of these restrictions that is the focus of the present controversy which is before this court on a complaint in equity whereby plaintiff is seeking to enjoin defendants from constructing a second structure on a tract of land which is subject to the aforementioned restrictions.

On May 15, 1954, plaintiff conveyed the property involved here to John Beal and Joseph S. Beal as joint tenants with right of survivorship. Subsequently, John Beal died, and Joseph S. Beal became the sole owner of the property. He then had his interest in the land converted to a tenancy by the entireties together with his wife, Ann Catherine

Beal. Then, in 1972, defendants acquired the tract of land by conveyance from Joseph S. Beal and Ann Catherine Beal. Throughout, the aforementioned restrictions have appeared in the deeds which evidence the conveyance.

Defendants now wish to subdivide the property and to construct a second dwelling upon it. Plaintiff asserts that such action would be in derogation of the expressed deed restrictions and seeks to enjoin the proposed construction.

The deed covenants involved in this case are not personal covenants that were intended to bind only the covenantors. It is clear from the language of restriction no. 1 that the original parties intended that the restrictions should run with the land. The words ". . . shall not at any time hereafter . . ." cannot be interpreted in any manner other than as a real covenant intended to bind the heirs and assigns of the grantee. The requirements of a covenant running with the land are that the covenant touch and concern the land, that it be certain and definite, that it be for the benefit of the dominant estate and it must have been intended as such. Moravecz et ux v. Hillman Coal & Coke Co., 18 Somerset L.J. 46, 50 (1956), There is no requirement ". . . that specific technical words be used to establish a covenant running with the land nor is it required that the covenant must be expressed as such." Id. at 50. "Any words showing the intent of the parties to do or not to do a certain thing raises an express covenant. . . no special words are necessary to make a covenant that will run with the land." Electric City Land v. Coal Company, 187 Pa. 500, 511 (1898), cited in Moravecz, supra.

Applying the test set forth in DeSanno, supra, we conclude that the expressed covenants in the deeds herein involved were intended to be and are coven-

ants running with the land. As such, they continue indefinitely, not only for the benefit of the grantor, but also of his heirs and successors in title. See: Ladner: Deeds §9.04(h).

"Restrictive covenants are enforceable without the necessity of showing that the enforcement would work a substantial gain to the legal beneficiary of the covenant. The plaintiffs' right here to enforce the restrictive covenants is absolute, regardless of proof that they do or do not suffer damage as a result of the breach of the covenant."

Leob v. Watkins, 428 Pa. 480, 481, 240 A. 2d 513 (1968). Thus, it must be concluded that this plaintiff has a right to enforce the covenant involved and this court must now turn its attention to interpreting the meaning of the restriction.

Defendants in this action wish to construct a second dwelling house on the lot in question. Upon completion, the lot would be subdivided with the result being that there would be two dwelling houses, one each on equally sized lots. It appears that each of these lots would be comparable in size and shape to others existing in the neighborhood. Plaintiff resists the proposal of the defendants, asserting that the deed contains a restrictive conveyant that prohibits the construction of more than one private dwelling.

The proposed structure would be a private dwelling and there is no objection to the kind of structure involved. Therefore, this discussion need only concern the question of whether the restrictive covenant contemplated limiting the parcel of land to a single private dwelling house with private garage. We must conclude that such an interpretation is much more restrictive than the language used

intends. Accordingly, the equitable relief sought by plaintiff must be denied.

The center of this controversy is not the validity of the restrictions themselves. Rather, the problem stems from the language employed. The first of the three restrictions prohibits the use of the ". . . premises . . . for any purpose than that of a private dwelling house house with private garage." Plaintiff takes the position that the indefinite article "a" preceding the words "private dwelling house" was and is intended to limit the property to a single dwelling unit. Defendant counters by asserting that such a reading necessitates putting more into the restriction than is actually there.

Both parties acknowledge that restrictions on the use of land are not favored by the law. This is because such covenants work an interference with the owner's free and full enjoyment of his property. While such covenants are enforceable, the law is settled that they should be construed against those seeking to enforce them. See: 10 P.L.E. 277, Covenants, §13. Rieck v. Virginia Manor Co., 251 Pa. Super. 59, 63, 380 A. 2d 375 (1977). In Satterthwait v. Gibbs, 288 Pa. 428, 135 A. 862 (1927), the court restated the principle governing restrictive covenants as follows:

"Covenants restricting the use of the land are construed most strictly against one claiming their benefit and in favor of free and unrestricted use of property; a violation of the covenant occurs only when there is a plain disregard of the limitations imposed by its expressed words: DeSanno v. Earle, 273 Pa. 265, 270; Johnson v. Jones, 244 Pa. 386, 389; Crofton v. St. Clement's Church, 208 Pa. 209, 213. It does not extend to limitations arising by implication: Taylor v. Lambert, 279 Pa. 514; St.

Andrew's Lutheran Church's App., 67 Pa. 512; Francis v. Dean, 80 Pa. Superior Ct. 108."

Looking then at the plain wording of the restriction herein involved, it is difficult to understand how plaintiff can assert that it limits the premises to a single structure. If such was the intention of the parties when the covenant was first drafted there were several means available whereby that intention may have been presented in more exacting language. For instance, they could have said, "not more than one private dwelling" or "a single dwelling" or "only one dwelling." Had any of these wordings been employed there would be less reason to dispute the parties' intentions. In Ratkovich v. Randall Homes, Inc., 403 Pa. 63, 169 A. 2d 65 (1961), the court in interpreting a restrictive covenant in a deed observed:

"Had the creator of the instant restriction desired to restrict the use of these lots. . . it would have been easy to so word the restriction. Courts should not attempt to remedy the omission of those creating restrictive covenants and extend, by implication, a restraint on the use of land by writing into a restriction that which is not therein clearly expressed." Id. at 71.

As it is now, there are two plausible interpretations and this court must follow the least restrictive of the two. One interpretation is that suggested by plaintiff; the other provides a use restriction whereby the premises is limited only to private dwelling houses. The latter is the least restrictive and would mean that business or apartment structures are not allowed. When the entire text of the first restriction is read it appears certain that the grantor was seeking only to protect the quality of the neighborhood. The restriction clearly forbids

business use and prohibits the accumulation and storage of junk. We further interpreted it to mean that the grantor was conveying the property with the intention that it be used only for private residences. It would be overly restrictive to conclude that the intention was for use by only one dwelling place.

The reasoning used in Snyder v. Factory Automated System Techniques, Inc., a Northumberland County case reported in 51 D.&C. 2d 345 (1970), appears to be applicable to the present situation. There the deed restriction involved read: "That no building other than a residence shall be erected on said lot, except a garage for private, residential use." There it was asserted that the word "a" limited the used to a single structure. The court said:

The restriction does not expressly prohibit the erection of more than one structure. . . It limits the type of structure that may be erected but not the number. The word "a" as used in the phrase "a residence" does not necessarily mean a numerical limitation. It is a function word which has many uses. . . The absence of which would result in bad grammar." Id. at 358-59.

Under the circumstances here present, it is our conclusion that the restriction was intended only to limit the used of the premises and not to limit the number of dwelling units permitted.*

As we mentioned before, plaintiff has filed a motion for partial summary judgment, and while we agree that the restrictions are covenants running with the land and that plaintiff may enforce the covenants, they are still subject to legal interpretation and, having concluded that there is no viola-

---

*See also Metzner v. Solés, 28 Somerset L.J. 261 (1973).

tion of any of the covenants by these defendants, the equitable relief sought must be denied and accordingly summary judgment must be denied to the plaintiff.

In this case the parties have stipulated to and offered various deeds, photographs and drawing outside the pleadings, thus making it possible to rule on the question of summary judgment. While defendants have not formally moved for summary judgment, it may be rendered in favor of either party, even against the "moving party." See: e.g. Goodrich-Amram 2d, Section 1035(b):6 at 439; Port Authority of Allegheny County v. Flaherty, 6 Pa. Commw. 135 (1972); Shapp v. Sloan, 367 A. 2d 791 (Pa. Commw. 1976); Intermediate Unit 8 v. Charlesworth, 30 Somerset L.J. 53; Mostoller v. Pile, 36 Somerset L.J. 19, aff'd per curiam 259 Pa. Super. 631, 393 A. 2d 1294 (1978).

While judgment on the pleadings under Rule 1034 must rest only on the pleadings, summary judgment under Rule 1035 may be based upon other information submitted as part of the record. In either situation, there must be no issue of material fact and the judgment is rendered only in clear cases where a party is entitled to recover as a matter of law. See generally: Goodrich-Amram 2d, Section 1035(a):3, at 426; Intermediate Unit 8 v. Charlesworth, supra,

We have concluded that there is no issue of material fact to be determined in this case and accordingly, we enter the following

## ORDER

Now, this July 8, 1980, it is ordered and decreed, as follows:

1. Summary judgment is entered for defendants, Clyde J. Hoffman and Gerald C. Hoffman.
2. Plaintiff's compliant is dismissed.
3. Costs on plaintiff.