**MONTGOMERY WARD & CO., INC.,
Plaintiff–Appellant,**

v.

**CROSSROADS SHOPPING CENTER, a
California general partnership,
Defendant–Appellee.**

**No. 79CA1007.**

Colorado Court of Appeals,
Div. I.

May 1, 1980.

Rehearing Denied June 5, 1980.

Certiorari Granted Sept. 8, 1980.

John E. Walberg, Denver, Pryor, Carney & Johnson, P. C., Thomas L. Roberts, Englewood, for plaintiff–appellant.

Holland & Hart, Richard G. Caldwell, Jeffrey C. Pond, Denver, for defendant–appellee.

VAN CISE, Judge.

This is an action for specific performance of a clause in a shopping center lease grant-

ing the tenant an option to rent additional retail space, for a declaratory judgment, and for damages, brought by plaintiff Montgomery Ward & Co., Inc. (the tenant) against defendant Crossroads Shopping Center's predecessors in interest as landlords. Crossroads has been substituted for the original defendants.

Based on a holding that the option clause in the lease violated the rule against perpetuities, the trial court granted the landlord's motion for summary judgment and dismissed the action. Contending that the court erred in its holding, the tenant appeals. We reverse.

The landlord's predecessors in interest and the tenant entered into a lease for retail sales space in the Crossroads Shopping Center. The original term of the lease was for 25 years commencing March 14, 1963, and this was extended, pursuant to a lease extension clause, to March 31, 1998. The pertinent portions of the lease paragraph pertaining to the tenant's right to lease additional space (the option clause) are as follows:

"At any time within ninety (90) days after the fifth, tenth, fifteenth, twentieth or twenty–fifth anniversary of the commencement of the term of this lease when 'net retail sales' ... for each of two (2) successive lease years in the preceeding five (5) lease years have exceeded FOUR MILLION AND NO/100 DOLLARS ($4,000,000.00), the Tenant may request the Landlord to furnish not in excess of fourteen thousand (14,000) square feet ... of additional retail sales space ... within the area designated as 'Retail Expansion Area' ... on Exhibit A hereto, subject, however to the express condition that at the time the Tenant makes such request ... the Tenant shall have exercised sufficient options ... so that at least nineteen (19) years and nine (9) months remain in the unexpired portion of the original term of this lease as extended ...."

For purposes of the summary judgment motion, it is assumed that on June 9, 1978, within the 90 days after the fifteenth anni-

versary of the commencement of the term of the lease, the tenant, having fulfilled all of the conditions required by the option clause, exercised its right to request additional retail space. The landlord refused to rent the additional space, contending that the option clause violated the rule against perpetuities. This action followed.

The trial court found that the tenant's interest in the retail expansion area was contingent and, therefore, potentially subject to the rule against perpetuities. It refused to consider the five anniversary dates as separable, and construed the option clause as giving the tenant *one* opportunity to obtain a vested interest in the additional space by exercising the rental option. Because the contingent interest could become vested at times within or beyond the period of the rule, the court rejected the "wait and see" approach, and ruled that the entire option violated the rule against perpetuities. We do not agree.

The option clause provides for alternatives connected by the word "or." That is, the option may be exercised "[a]t any time within 90 days after the fifth, tenth, fifteenth, twentieth *or* twenty–fifth anniversary of the commencement of the term of this lease." As stated in *Denver Horse Importing Co. v. Schafer*, 58 Colo. 376, 147 P. 367 (1915):

"[T]he disjunctive word 'or' which, when used in this sense, is defined by Webster as 'A co–ordinating particle that marks an alternative; as you may read or may write,–that is, you may do one of the things at your pleasure, but not both. It often connects a series of words or propositions, presenting a choice of either.'"

Under the language of this lease, each of the five anniversary dates is a separate event. Therefore, there are five separate options. The validity of each is to be determined individually under the rule. *See Restatement of Property* § 376 (1944).

Here we are concerned only with the validity of the fifteenth anniversary option, exercised by the tenant in compliance with the lease requirements. As worded, this option had to have been exercised, if at all,

within the 21 year period from the date of its creation. Therefore, it is not void as violative of the rule against perpetuities. *See Brundage v. Perry,* 41 Colo.App. 526, 592 P.2d 6 (1978); *Restatement of Property* § 376 (1944). *See also, Roemer v. Sinclair Refining Co.,* 151 Colo. 401, 380 P.2d 56 (1963). Summary judgment should not have been entered.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

COYTE and KIRSHBAUM, JJ., concur.