Jean CAMERLO, Plaintiff,

v.

HOWARD JOHNSON COMPANY, Defendant.

Civ. A. No. 82–88 Erie.

United States District Court,
W. D. Pennsylvania.

Aug. 12, 1982.

William J. Kelly, Kimberly A. Kingston, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, Pa., for plaintiff.

Ted J. Padden, Erie, Pa., for defendant.

## OPINION

MENCER, District Judge.

On July 7, 1960, plaintiff Jean Camerlo and her husband, now deceased, entered into a written lease with William J. Boykin for twelve acres of unimproved land in Erie, Pennsylvania. Under the terms of the lease, Boykin was to commence construction of a motel and restaurant within six months at a cost of not less than $400,000. The lease granted the lessee the right to assign his interests under the lease and to exercise an option to purchase the property after July 7, 1980 for the sum of $200,000. The lease also contained certain restrictions prohibiting plaintiff from operating competitive businesses or erecting buildings higher than twenty feet on her retained land. The term of the lease was for ninety-nine years, "renewable thereafter forever," at the same rental as for the ninety-ninth year.

The lessee was obligated to make total rent payments of $4,200 for the first thirteen months of the lease. Beginning August 7, 1961, the annual rent for the following five years was $8,000; beginning August 7, 1966, the annual rent for the following five years was $10,000. After August 7, 1971, the annual rent was $12,000. The lessee was further obligated to make supplemental rent payments of $20,000 between 1961 and 1963, and pay an additional $50 per unit per year in the event that the motel contained more than 112 units.

Boykin subsequently completed construction of the motel and operated it as a franchise of Howard Johnson's. He later assigned his rights under the lease to U. S. Realty Investments. On January 20, 1981, U. S. Realty assigned the lease to the Howard Johnson Company.

Plaintiff then filed the instant action seeking a declaratory judgment that the lease is void and unenforceable. Jurisdiction is based upon diversity of citizenship and an amount in controversy in excess of $10,000. Presently before the Court is a Motion to Dismiss and/or Motion for Summary Judgment filed by defendant Howard Johnson Company. For the reasons which follow, we will grant summary judgment in favor of Howard Johnson's.

■ The Pennsylvania Supreme Court has not specifically addressed the issue of whether a lease conferring upon a lessee the option to purchase the land or the option to perpetually renew the lease violates the rule against perpetuities or creates an unreasonable restraint on alienation. In the absence of an authoritative pronouncement from the state's highest court, the task of the federal tribunal is to predict how that court would rule. While lower state court decisions may be looked to as indicia of how the state's highest court might decide, we are not inflexibly bound to follow such decisions. We may consult treatises, the Restatement, and works of scholarly commentators, in addition to examining the decisions of other courts and the policies underlying the applicable legal doctrines. *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165, 1167 (3d Cir. 1981).

The Pennsylvania rule against perpetuities provides as follows:

> Upon the expiration of the period allowed by the common law rule against perpetuities as measured by actual rather than possible events, any interest not then vested and any interest in members of a class the membership of which is then subject to increase shall be void.

20 Pa.Cons.Stat.Ann. § 6104(b) (Purdon 1975). The purpose of the rule is to preserve the alienability of property by prohibiting the creation of remote future interests. *In re Estate of Mather*, 189 A.2d 586, 410 Pa. 361 (1963).

■. Options to renew leases, however, are valid and need not comply with the rule against perpetuities, according to the great weight of American authority. *Lonergan v. Connecticut Food Store, Inc.*, 168 Conn. 122, 357 A.2d 910 (1975); *Ehrhart v. Spencer*, 175 Kan. 227, 263 P.2d 246 (1953) (perpetual renewal); *Williams v. J. M. High Co.*, 200 Ga. 230, 36 S.E.2d 667 (1946) (perpetual right to extend lease); *Todd v. Manufacturers' Light & Heat Co.*, 90 W.Va. 40, 110 S.E. 446 (1922) (perpetual renewal); *Becker v. Submarine Oil Co.*, 55 Cal.App. 698, 204 P. 245 (1921) (ten-year lease, option to renew perpetually); *Duryea v. Hendrickson*, 175 A.D. 188, 161 N.Y.S. 999 (1916); 5 R. Powell & P. Rohan, Powell on Real Property ¶ 771 (1981); W. Burby, Real Property § 187 (1965); Restatement of Property § 395 (1944); I American Law of Property § 3.87 (1952); Abbot, *Leases and the Rule Against Perpetuities*, 27 Yale L.J. 878, 883–85 (1918). Options to purchase conferred upon lessees likewise are treated as exceptions to the rule against perpetuities because of their social utility. *Wing, Inc. v. Arnold*, 107 So.2d 765 (Fla.App.1958); *Keogh v. Peck*, 316 Ill. 318, 147 N.E. 266 (1925); *Hollander v. Central Metal & Supply Co.*, 109 Md. 131, 71 A. 442 (1908); *Hoover v. Ford's Prairie Coal Co.*, 145 Wash. 295, 259 P. 1079 (1927); *Roemer v. Sinclair Refining Co.*, 151 Colo. 401, 380 P.2d 56 (1963); 5 R. Powell & P. Rohan, *supra*, at ¶ 771[2]; W. Burby, *supra*, at § 187; I American Law of Property *supra*, at § 24.57; Leach, *Perpetuities in a Nutshell*, 51 Harv.L.Rev. 638, 661 (1938); Abbot, *supra*, at 886–88, 891. *Cf. Southeastern Pennsylvania Transportation Authority v. Philadelphia Transportation Co.*, 426 Pa. 377, 233 A.2d 15 (1967), *cert. denied*, 390 U.S. 1011, 88 S.Ct. 1259, 20 L.Ed.2d 161 (1968). (Perpetual option of city to purchase assets of a transportation company does not violate the rule against perpetuiti-

es in view of considerations of public concern and welfare, which outweigh the dangers from fettering the free use of property.) *Contra First Huntington National Bank v. Gideon-Broh Realty Co.*, 139 W.Va. 130, 79 S.E.2d 675 (1954), but now changed by statute, W.Va.Code § 36–1–24 (1966).

■ The above-cited authorities generally view options to purchase conferred upon lessees and options to renew as socially desirable exceptions to the rule against perpetuities. A lessee with an option to purchase has the incentive to make substantial improvements to the land, because by exercising the option, he can preserve to himself the benefit of the improvements. A lease with an option for renewal allows the lessee to plan for the future and make full utilization of the land. Furthermore, such options have not been found invalid on the ground that they create unreasonable restraints on alienation. *E.g., Lonergan v. Connecticut Food Store, Inc.*, 168 Conn. 122, 357 A.2d 910 (1975). We therefore hold that the option to renew and the option to purchase contained in the lease in issue here are valid and enforceable.

■ Plaintiff asserts that the lease is void because of its restrictive covenants which prohibit her from maintaining competitive businesses or erecting structures higher than twenty feet on her remaining acreage. Although not favored in the law, restrictive covenants which limit the use of property are enforceable where outmoded restrictions are not placed upon the property and the intentions of the parties are clearly expressed. *Rieck v. Virginia Manor Co.*, 251 Pa.Super. 59, 380 A.2d 375 (1977); *See also McCandless v. Burn*, 377 Pa. 18, 104 A.2d 123 (1954); *Satterthwait v. Gibbs*, 288 Pa. 428, 135 A. 862 (1927). Under the circumstances present here, the restrictive covenants are thus enforceable.

■ Plaintiff further contends that the lease is unconscionable because it provides for perpetual annual rent payments of $12,-000. We note at the outset that unconscionability is a question of law for the court. Provided no genuine issue of materi-

al fact exists, a court may conclude on a motion for summary judgment that a contract is enforceable despite an allegation of unconscionability. *Stanley A. Klopp, Inc. v. John Deere Co.*, 510 F.Supp. 807, 810 (E.D. Pa.1981), *aff'd mem.*, 676 F.2d 688 (3d Cir. 1982).

■ Unconscionability is the doctrine under which courts may deny enforcement of unfair or oppressive contracts because of "procedural" abuses arising out of the contract formation process, or "substantive" abuses relating to the terms of the contract. Procedural abuses include deceptive practices and refusal to bargain over the terms of the contract, while substantive abuses include terms which violate the reasonable expectations of the parties or involve gross disparities in price. *See* Spanogle, *Analyzing Unconscionability Problems*, 117 U.Pa. L.Rev. 931 (1969). Plaintiff here does not raise as an issue of fact that the lease terms are unconscionable because of abuses in the bargaining process. Rather, she contends that the insufficiency of the annual rent alone makes the lease unconscionable.

■ In support of this argument, plaintiff points out that she negotiated the lease on the basis that the property was worth $200,000. She agreed to an annual rent of $12,000 in order to receive a return on her property which would be equivalent to the 6% rate of interest prevailing in 1960. Because of the dramatic increase in interest rates, plaintiff submits that the lease is now unconscionable by giving her an unreasonably low return on her property. The annual payments, however, are not so grossly insufficient as to make the lease unconscionable. In the last twenty-two years, plaintiff has received, including the supplemental rentals, approximately $250,000. Despite the inflationary trends of recent years, the bargain plaintiff struck is not an unconscionable one.

We accordingly will enter summary judgment in favor of Howard Johnson's and dismiss the complaint.