## Meadow Run/Mountain Lake Park Association v. Ragone

*Brion W. Kelley,* for plaintiff.
*James P. Blaum,* for defendants.

PODCASY, *J.,* October 25, 1982—This matter comes before the court on plaintiff, Meadow Run/ Mountain Lake Park Association's exceptions to the decree nisi dismissing plaintiff's action.

In this equity action, plaintiff, a civic association, sought to enforce the following restrictive covenant which was part of the lot owners' deed pertaining to property situate in Bear Creek Township:

". . . under and subject to the express covenants and conditions that the said premises are sold for private residential purposes only, that no temporary structure or automobile trailer shall be erected or permitted for the purpose of camping or otherwise; that only one structure, which shall be a dwelling house, may be erected thereon, including garage, if any, which shall be attached to said dwelling and not built separately; . . ."

In accordance with the foregoing, plaintiff instituted suit seeking a mandatory, permanent injunction against defendants, Philip A. Ragone and Sally Ragone, his wife, who own and occupy a summer dwelling on the subject land and who erected thereon an A-frame structure to the rear of their house and unattached thereto.

A. ISSUE . . . Whether the Defendants Have Been

Prejudiced by the Passage of Time Between Construction of the Building and Institution of This Action.

Plaintiff correctly states the law that the equitable doctrine of laches requires not only a finding of want of due dilligence in failing to institute the action, but also that failure resulted in another's prejudice: In Re Upper Chichester Twp., 415 A. 2d 1250 (1980); Wilson v. King of Prussia Enterprises, Inc., 422 Pa. 128, 488 A. 2d 610, (1966).

And while it is also true that defendants purchased the property subject to a clear restriction against the construction of outbuildings and that they were reminded of the restriction by officers of plaintiff association in the early stages of the construction, plaintiff nevertheless undertook no legal action to halt the violation of the restrictive covenant until about two years after the A-frame structure was completed. It is here that the prejudice enters in that defendants had expended a considerable sum of money from the initial visit to the just commenced construction by the said officers of the association until the actual final completion of the structure. This unexplained and unreasonable delay in commencing action to restrain completion of the building clearly resulted in prejudice to plaintiffs.

Furthermore, while defendants were aware or should have been aware of the existence of the restrictive covenant in their deed and in their chain of title, they were also cognizant of the fact that on lands subject to the same construction there had been in existence for some years numerous unattached garages, gazebos, picnic patios, fireplaces, and shelters against which no action had been taken. And as a matter of fact one of the members of

plaintiff's Board of Directors was himself a tolerated violator.

Thus regarding the question of laches, we find appropriate in the trial court's adjudication in Orne v. Fridenberg, 143 Pa. 487-501, (1891), a statement from High on Injunctions at Section 1159, which reads as follows:

"In considering applications for relief by injunction against the breach of restrictive covenants contained in conveyances of real property, indeed equity requires the utmost diligence in this class of cases upon the part of him who invokes its preventive aid, and a slight degree of acquiescence is sufficient to defeat the application, since every relaxation which plaintiff permits in allowing erections to be made in violation of the covenant amounts pro tanto to a disaffirmance of the obligation and generally whenever plaintiff stands idly by, and permits the erection complained of to be made, and expenses to be incurred thereon, without objecting, his application for the aid of a court of equity comes too late and will not be entertained."

B. ISSUE . . . Whether the Plaintiff Acquiesced in the Enforcement of the Restriction When it Amicably Notified Lot Owners That They Were in Violation of the Restriction.

Plaintiff argues that in accordance with Rieck v. Virginia Manor Co., 251 Pa. Superior Ct. 59, 380 A. 2d 422, (1977), where the deviations from deed restrictions are minor the restrictions will be upheld. This may be true where there has been no change in the character of the neighborhood. But here we have deviations from the restrictions which began occurring in the 1940's and have continued quite regularly to a degree where some 40 of the 200 lot

owners of the plot have erected numerous types of detached structures on their lots without any action instituted against the perpetrators, excepting the within action.

The court in Rieck v. Virginia Manor Co., supra, at page 64, stated:

"In order to effect a release or discharge of the real covenants, the burden of proof is upon the owners of the servient tenements to show that the real purpose and intent of the restrictions have been materially altered or destroyed by changed conditions and that substantial benefit and advantage may not inure to the owners of the dominant tenement by the enforcement of the restrictions: Scott v. Owings, 223 Pa. Superior Ct. 481 (1973).

A review of this entire record clearly reveals that the deviations from the restrictive covenant were numerous and prevalent throughout the plot and consequently it, in effect, resulted in an abandonment of the original plan for the area.

In view of the foregoing, we enter the following

### ORDER

It is hereby ordered, adjudged and decreed that plaintiff's exceptions to the decree nisi of April 20, 1982, are denied and dismissed.