# Elmwood Terrace Limited v. Ghougasian

*Michael W. Flannelly* and *Andrea S. Anderson,* for plaintiff.

*Joseph C. Korsak,* for defendants Leon J. Ghougasian and Susan L. Ghougasian.

*Dusan Bratic,* for defendants Charles W. Hash and G. Philip Scott.

*Daniel F. Wolfson,* for defendant Roger M. Weiss and Andrea Lynn Weiss.

CASSIMATIS, *J.,* August 26, 1991—This matter is before the court pursuant to the motion for judgment on the pleadings of defendants Leon J. Ghougasian and Susan L. Ghougasian, pursuant to the Pennsylvania Rules of Civil Procedure, Rule 1034. The motion of defendants is denied.

Plaintiff, Elmwood Terrace Limited, is the owner of a certain tract of land by deed dated May 31, 1990, and recorded on June 1, 1990, known as 1414 East Market Street. Defendants Ghougasian are the owners of record of property known as 1412 East Market Street by deed dated October 31, 1989. Plaintiff's premises is encumbered by a deed restriction contained in a prior deed for this tract of land recorded in Record Book 17-L, page 207, which reads as follows:

"Under and subject to the following conditions and restrictions which both parties hereto agree shall be covenants running with the land and binding upon the grantee hereof, his heirs, executors, administrators and assigns, and enforceable by the owner or owners of any one of the other lots or parts of lots having similar building restrictions located on the same side of East Market Street extended, said Spring Garden Township, between Ogontz Street and Elmwood Boulevard. . . .

"(1) That no building or construction of any kind or description, (with the exception hereinafter named), shall be erected on the within described lot, except a single dwelling house. . . ."

The tract of land owned by defendants is encumbered by the same deed restriction as plaintiff, due to the fact that they were the remaining portions of the larger tract of land that existed when the restrictions were imposed.

On July 11, 1990, plaintiff filed an action to quiet title, requesting that the court strike the portion of the deed restriction limiting the use of the land to that of a single dwelling house. Plaintiff alleges that the original purpose and intent of the restriction has been materially altered by changed conditions in the use of the tracts of land owned by defendants as well as the surrounding neighborhood.

On October 2, 1990, defendants Ghougasian filed a motion for judgment on the pleadings and a brief in support in that plaintiff has not stated a claim for which relief may be granted. "Under Pa.R.C.P. 1034, a motion for judgment on the pleadings is exclusively limited to the pleadings themselves; no other outside material may be considered. *Beardell v. Western Wayne School District*, 91 Pa. Commw. 348, 496 A.2d 1373 (1985)." *Giddings v. Tartler*, 130 Pa. Commw. 175, 567 A.2d 766 (1989). "The issue in

such a case is not whether the facts support the action, but whether there is such an action under the law.'' *Bensalem Township School District v. Commonwealth of Pennsylvania,* 518 Pa. 581, 544 A.2d 1318 (1988).

"In reviewing a trial court's order granting judgment on the pleadings, we are guided by the following standard. A motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer, all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him. A judgment on the pleadings shall not be entered when there are unknown or disputed issues of fact. In conducting this inquiry, the court should confine its consideration to the pleadings and relevant documents. No affidavits, depositions or briefs may be considered." *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa. Super. 267, 476 A.2d 1322 (1984). (citations omitted) See also, *Rice v. Rice,* 468 Pa. 1, 359 A.2d 782 (1976).

The question before us was put into issue in the pleadings. See plaintiff's complaint at page 5, paragraph 14; defendants' answer at page 2, paragraph 14. Defendants argue that where a covenant runs with the land, the right to enforcement is absolute and not subject to a showing that the owners of neighboring properties will suffer harm or benefit from enforcement of the restriction. "Restrictive covenants which restrict the use of property, although not favored by the law, are legally enforceable. *Grass v. Thimons,* 384 Pa. Super. 593, 559 A.2d 925 (1989), citing *Morean v. Duca,* 287 Pa. Super. 472, 430 A.2d 988 (1981). Restrictive covenants are to be strictly construed against persons

seeking to enforce them and claiming benefit thereof and in favor of the free, unrestricted use of property. *Coury v. Gross,* 377 Pa. Super. 580, 547 A.2d 1214 (1988)." *Logston v. Penndale Inc.,* 394 Pa. Super. 393, 576 A.2d 59 (1990).

The appellant in *Logston* contended that the character of the neighborhood had moved away from the Quaker philosophy that was prevalent at the community's inception, but the court determined that the record did not support appellants' contention that the nature of the community had changed in any significant way. Plaintiff, in the case at bar, argues that this rule that a restriction may be eliminated upon proof of material changes in the neighborhood is still the rule in Pennsylvania and cites to the court the case of *Young v. Cerone,* 338 Pa. Super. 280, 487 A.2d 965 (1985). The court held that "[a] deed restriction will not be enforced 'where there has been a change of surroundings in the neighborhood or in the character of the improvements and in the purposes to which the restrictions applied.' *Pastore v. Lake Shore Maintenance Association,* 197 Pa. Super 419, 423, 178 A.2d 776, 778 (1962); see also, *Scott v. Owings,* 223 Pa. Super. 481, 302 A.2d 423 (1973). A restriction is invalid under this rule if its purpose and intent have been altered and it no longer provides substantial benefit to the dominant estate. *Rieck v. Virginia Manor Co.,* 251 Pa. Super. 59, 380 A.2d 375 (1977)." *Young, supra.*

It is evident by the pleadings that testimony on the issue of the enforcement of a deed restriction when a change of surroundings has been alleged is necessary. Therefore, the motion for judgment on the pleadings is denied.

Accordingly, we enter the following

## ORDER

And now, August 26, 1991, it is ordered that the motion for judgment on the pleadings of defendants, Leon J. Ghougasian and Susan L. Ghougasian, be and hereby is denied.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.