**AUDUBON COMMERCIAL AREA COM-PANY, a Colorado corporation, Plaintiff,**

v.

**SKELLY OIL COMPANY, a Delaware corporation, Defendant.**

**Civ. A. No. 66-C-612.**

United States District Court
D. Colorado.

March 13, 1967.

Love, Cole & Murphy, by John J. Murphy and Daniel P. Edwards, Colorado Springs, Colo., for plaintiff.

Haskell, Helmick, Carpenter & Evans, by Bradford Wells and Kenneth R. Oldham, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on motions for summary judgment filed by each of the parties.

The pertinent facts are as follows: Plaintiff leased certain premises in Colorado Springs, Colorado, to defendant for a period of twenty years commencing October 6, 1954. The defendant entered into possession of the premises and paid the rental due from October 1954 to May 1966. Because of clerical oversight by one of defendant's rental clerks, it failed to make rental payments due from May 1966 through August 1966. On September 2, 1966 plaintiff notified defendant by certified mail that it exercised its option to terminate the lease for failure of the lessee to pay the rent. Defendant promptly tendered to plaintiff all rentals then due under the lease, which tender was refused; defendant has continued to tender rental payments to plaintiff, which tenders also have been refused. Plaintiff continues to maintain that it

has terminated the lease and is entitled to immediate possession of the premises.

Plaintiff made no demand upon defendant for payment of rentals due under the lease prior to attempting to enforce a forfeiture of the lease. Plaintiff seeks immediate possession of the premises and the rental value of the property since the notice of forfeiture. The portion of the lease relating to forfeiture provides as follows:

13. Time is of the essence hereof.

(a) In the event Lessee shall fail to pay the rent herein provided, pay the taxes hereinabove provided to be paid by Lessee, or in any other way shall violate the terms of this agreement; or

(b) In the event Lessee, or any person holding under Lessee, shall use and operate the premises herein demised other than as a service station,

then in either event the Lessor may, at its option, declare said term ended, and into said premises, or any part thereof, either with or without process of law, to re-enter, and the said Lessee, or any other person or persons occupying, in or upon the same, to expel, remove and put out, using such force as may be necessary in so doing, and the said premises again to repossess and enjoy as in its first and former estate. And if at any time said term shall be ended at such election of the Lessor, its successors and assigns, as aforesaid, or in any other way, the said Lessee, its successors and assigns, does hereby covenant and agree to surrender and deliver up said above-described premises peaceably to said Lessor, its successors and assigns, immediately upon the termination of said term as aforesaid, and if Lessee shall remain in possession of the same after notice of such default, or after the termination of this lease or in any of the ways above named, Lessee shall be deemed guilty of a forcible detainer of said premises under the statutes, and shall be subject to all the conditions and provisions above named, and to eviction and removal, forcible or otherwise, with or without process of law, as above stated.

It is plaintiff's position (1) that the lease contains a provision for forfeiture upon breach of a covenant as to the payment of rent, and that it may proceed to terminate the lease even though the failure to pay the rent was not intentional; (2) that the lessee has expressly waived any right that it might have had under common law to a demand for overdue rental payments by virtue of the following language from paragraph 13 of the lease:

[I]f Lessee shall remain in possession of the same after notice of such default, or after the termination of this lease or in any of the ways above named, Lessee shall be deemed guilty of a forcible detainer of said premises under the statutes, and shall be subject to * * * eviction and removal, forcible or otherwise, with or without process of law, as above stated.;

and (3) that plaintiff is entitled to a forfeiture of the lease for breach of its terms as a matter of law and defendant is not entitled to equitable relief against the enforcement of the forfeiture.

Defendant's position is (1) that a demand for rent is a prerequisite of forfeiture of the lease for non-payment of rent, unless the requirement of demand is expressly waived by the parties; (2) that there is no express waiver of such demand in the lease; and (3) that if the Court should find that the requirement of the demand for rent has been effectively waived, the Court should relieve defendant against the forfeiture by the exercise of its equity powers.

■ Presumably plaintiff could have brought this action under the provisions of 58–1–1 et seq. of C.R.S.1963, under Rule 105 of the Colorado Rules of Civil Procedure, or as a common law action for forfeiture for alleged breach; it chose the latter. It is the general rule at common law that a demand for rent due is an essential prerequisite to enforcement of a lease provision for forfeiture

or termination upon non-payment of rent, unless the parties effectually agree otherwise. 32 Am.Jur. Landlord and Tenant, § 855, p. 724.

The rule has its basis in the underlying common law principle that, ordinarily, a forfeiture may not be declared for breach of a condition subsequent in a lease in the absence of a demand for performance. 51 C.J.S. Landlord and Tenant § 114b, p. 694. It is here noted that the lease in question confers upon lessor the power of termination for non-payment of rent, but it does not provide that the lease will be *automatically* terminated upon non-payment.

The Colorado Supreme Court has recognized the rule requiring a demand for rent due prior to the exercise of the right of re-entry. In Miller v. Sparks, 4 Colo. 303, 310 (1878), the Court stated:

Lessor, before he exercises the right of re-entry reserved for breach of covenant to pay rent, must make an actual demand of the amount of rent due, in strict compliance with the requirements of the common law.

Whenever a forfeiture for the non-payment of rent is to be established, it is necessary to prove such a demand.

In Holland, et al. v. Anderson Bros. Corp., 207 F.2d 830, 832 (10th Cir. 1953), it was held that:

Absent a provision waiving demand for payment of rent, a lease may not be forfeited for non-payment of rental until a demand has been made for payment thereof.

Plaintiff concedes in its brief that at common law a demand for payment of rent is ordinarily required, but asserts that Colorado has held that the necessity for such a demand may be obviated by provisions in the lease, citing Lewis v. Hughes, 12 Colo. 208, 20 P. 621 (1888). A reading of that case discloses that there was an express waiver of the demand for rent; at page 215, 20 P. at page 625 the Court stated:

By the terms of the lease it is provided that if the rent reserved, or any part thereof, shall be behind or unpaid on the day when payment should be made, it shall be lawful for the lessor to declare said term ended, and to re-enter and repossess the said premises, *without first making any demand for the rent,* either upon the premises or elsewhere and without giving any notice of the forfeiture of the lease. * * * (Emphasis supplied).

There is no similar waiver provision in the lease here under examination.

Plaintiff relies on Espen v. Hinchcliffe, 131 Ill. 468, 23 N.E. 592 (1890), to support his contention that defendant has expressly 'agreed to be deemed guilty of a forcible detainer upon non-payment of rent'. Plaintiff quotes this phrase (out of context) from the opinion: "[T]he simple fact of the non-payment of rent reserved shall constitute a forcible detainer as aforesaid." However, the full paragraph containing that statement should be examined:

The lease contained the following:

[A]nd the said party of the second part *hereby waives* his right to any notice from the said party of the first part of their election to declare this lease at an end under any of its provisions or *any demand for the payment of rent* or the possession of the premises leased herein; but the simple fact of the non-payment of the rent reserved shall constitute a forcible detainer as aforesaid. (Emphasis supplied).

There, demand for payment of rent was expressly waived; the lease in the present case contained no waiver.

Elder v. Epperson, 173 Tenn. 219, 116 S.W.2d 1015 cited by plaintiff is also inapposite. There the Court, referring to the necessity for a demand for payment of rent, said 116 S.W.2d at page 1017:

This insistence overlooks the fact that the common law necessity for a demand of rent may be obviated by a provision in the lease or by the acts of the parties. We find that the demand for payment was obviated by the fact that on the day the rent was payable

lessee filed a petition in bankruptcy and through her attorney notified the lessor that the rent would not be paid.

 It is the conclusion of the Court that a demand for the payment of the overdue rent was a prerequisite to declaring a forfeiture, that no demand was made and that the right to a demand was not waived by the defendant. It is therefore clear that upon payment of all due rentals the defendant is entitled to a summary judgment. Defendant will promptly submit an appropriate form of judgment.