SIMON RAPOPORT et al., Appellants-Respondents, v 55 PERRY Co. et al., Respondents-Appellants.

First Department, December 11, 1975

*Joseph Gaier* of counsel *(Luster, Gaier & Luster,* attorneys), for appellants-respondents.

*William M. Kufeld* of counsel *(Joseph N. Guterl* with him on the brief; *Carb, Luria, Glassner, Cook & Kufeld,* attorneys), for respondents-appellants.

TILZER, J. In 1969, Simon, Genia and Ury Rapoport entered into a partnership agreement with Morton, Jerome and Burton Parnes, forming the partnership known as 55 Perry Company. Pursuant to the agreement, each of the families owned 50% of the partnership interests. In December of 1974 Simon and Genia Rapoport assigned a 10% interest of their share in the partnership to their adult children, Daniel and Kalia. The Parnes defendants were advised of the assignment and an amended partnership certificate was filed in the County Clerk's office indicating the addition of Daniel and Kalia as partners. However, when the plaintiffs, thereafter, requested the Parnes defendants to execute an amended partnership agreement to reflect the above changes in the partnership, the Parnes refused, taking the position that the partnership agreement did not permit the introduction of new partners without consent of all the existing partners. Thereafter, the plaintiffs Rapoport brought this action seeking a declaration that Simon and Genia Rapoport had an absolute right to assign their interests to their adult children without consent of the defendants and that such assignment was authorized pursuant to paragraph 12 of the partnership agreement. The

plaintiffs further sought to have Daniel and Kalia be declared partners in 55 Perry Company and have their names entered upon the books of the partnership as partners. The defendants Parnes interposed an answer, taking the position that the partnership agreement did not permit admission of additional partners without consent of all the existing partners and that the filing of the amended certificate of partnership was unauthorized. After joinder of issue plaintiffs moved for summary judgment and although the defendants did not cross-move for similar relief, such was, nevertheless, requested in their answering papers.

On the motion for summary judgment both parties agreed that there were no issues of fact and that there was only a question of the interpretation of the written documents which should be disposed of as a matter of law by the court. Nevertheless, the court below found that the agreement was ambiguous and that there was a triable issue with respect to the intent of the parties. We disagree and conclude that the agreement is without ambiguity and that pursuant to the terms of the agreement and of the Partnership Law, consent of the Parnes defendants was required in order to admit Daniel Rapoport and Kalia Shalleck to the partnership.

Plaintiffs, in support of their contention that they have an absolute right to assign their interests in the partnership to their adult children and that the children must be admitted to the partnership as partners rely on paragraph 12 of the partnership agreement which provides as follows: "No partner or partners shall have the authority to transfer, sell * * * assign or in any way dispose of the partnership realty and/or personalty and shall not have the authority to sell, transfer, assign * * * his or their share in this firm, nor enter into any agreement as a result of which any person shall become interested with him in this firm, unless the same is agreed to in writing by a majority of the partners as determined by the percentage of ownership * * * except for members of his immediate family who have attained majority, in which case no such consent shall be required." As indicated, plaintiffs argue that the above provision expressly authorizes entry of their adult children into the partnership. Defendants, on the other hand, maintain that paragraph 12 provides only for the right of a partner to assign or transfer a share of the profits in the partnership. We agree with that construction of the agreement.

A reading of the partnership agreement indicates that the parties intended to observe the differences, as set forth in the Partnership Law, between assignees of a partnership interest and the admission into the partnership itself of new partners. The Partnership Law provides that subject to any contrary agreement between the partners, "[n]o person can become a member of a partnership without the consent of all the partners." (Partnership Law, § 40, subd 7.) Subdivision 1 of section 53 of the Partnership Law provides that an assignee of an interest in the partnership is not entitled "to interfere in the management or administration of the partnership business" but is merely entitled to receive "the profits to which the assigning partner would otherwise be entitled." Additionally, section 50 of the Partnership Law indicates the differences between the rights of an assignee and a new partner. That section states that the "property rights of a partner are (a) his rights in specific partnership property, (b) his interest in the partnership, and (c) his right to participate in the management." On the other hand, as already indicated above, an assignee is excluded in the absence of agreement from interfering in the management of the partnership business and from access to the partnership books and information about partnership transactions. (Partnership Law, § 53.)

The effect, therefore, of the various provisions of the Partnership Law, above discussed, is that unless the parties have agreed otherwise, a person cannot become a member of a partnership without consent of all the partners whereas an assignment of a partnership interest may be made without consent, but the assignee is entitled only to receive the profits of the assigning partner. And, as already stated, the partnership agreement herein clearly took cognizance of the differences between an assignment of an interest in the partnership as compared to the full rights of a partner as set forth in section 50 of the Partnership Law. Paragraph 12 of the agreement by its language has reference to section 53 of the Partnership Law dealing with an "assignment of partner's interest." It (par 12) refers to assignments, encumbrances and agreements "as a result of which any person shall become interested with (the assignor) in this firm." That paragraph does not contain language with respect to admitting a partner to the partnership with all rights to participate in the management of its affairs. Moreover, interpretation of paragraph 12 in this manner is consistent with other provisions of the

partnership agreement. For example, in paragraph 15 of the agreement, the following is provided: "In the event of the death of any partner the business of this firm shall continue with the heir, or distributee providing he has reached majority, or fiduciary of the deceased partner having the right to succeed the deceased partner with the same rights and privileges and the same obligations, pursuant to all of the terms hereof." In that paragraph, therefore, there is specific provision to succeed to all the privileges and obligations of a partner—language which is completely absent from paragraph 12.

Accordingly, it appears that contrary to plaintiffs' contention that paragraph 12 was intended to give the parties the right to transfer a full partnership interest to adult children, without consent of all other partners (an agreement which would vary the rights otherwise existing pursuant to Partnership Law, § 40, subd 7) that paragraph was instead intended to limit a partner with respect to his right to assign a partnership interest as provided for under section 53 of the Partnership Law (i.e., the right to profits)—to the extent of prohibiting such assignments without consent of other partners except to children of the existing partners who have reached majority. Therefore, it must be concluded that pursuant to the terms of the partnership agreement, the plaintiffs could not transfer a full partnership interest to their children and that the children only have the rights as assignees to receive a share of the partnership income and profits of their assignors.

Accordingly, the order entered July 16, 1975 should be modified on the law to grant summary judgment in favor of the defendants to the extent of declaring that the partnership agreement does not permit entry into the partnership of new partners, including adult children of the partners who have reached their majority, without consent of all the partners; that the plaintiffs, pursuant to the terms of the agreement, had the right to assign their interests to their adult children but that such children, i.e., Daniel Rapoport and Kalia Shalleck, have not become partners but only have the rights of assignees to receive a share of the partnership income and profits of their assignors; that the amended partnership certificate filed with the County Clerk's office on or about January 14, 1975 indicating the additional partners, i.e., Daniel Rapoport and Kalia Shalleck, was improper and should be restated

to eliminate those names as partners, and as so modified the order is affirmed without costs or disbursements.

NUNEZ, J. (dissenting). I agree with Special Term that the written partnership agreement providing for the assignment of partners' shares to members of their immediate families without the consent of the other partners is ambiguous and that there is a triable issue as to intent. The agreement being ambiguous, construction is a mixed question of law and fact and resolution thereof to determine the parties' intent should await a trial. *(Kenyon v Knights Templar & Masonic Mut. Aid Assn.,* 122 NY 247, 254; *Lachs v Fidelity & Cas. Co. of N.Y.,* 306 NY 357, 364; *Dowdle v Richards,* 2 AD2d 486, 493.) Summary judgment was properly denied both parties. I would affirm.

STEVENS, P. J., KUPFERMAN and MURPHY, JJ., concur with TILZER, J.; NUNEZ, J., dissents in an opinion.

Order, Supreme Court, New York County, entered on July 16, 1975, modified, on the law, to grant summary judgment in favor of the defendants to the extent of declaring that the partnership agreement does not permit entry into the partnership of new partners, including adult children of the partners who have reached their majority, without consent of all the partners; that the plaintiffs, pursuant to the terms of the agreement, had the right to assign their interests to their adult children but that such children, i.e., Daniel Rapoport and Kalia Shalleck, have not become partners but only have the rights of assignees to receive a share of the partnership income and profits of their assignors; that the amended partnership certificate filed with the County Clerk's office on or about January 14, 1975 indicating the additional partners, i.e., Daniel Rapoport and Kalia Shalleck, was improper and should be restated to eliminate those names as partners, and as so modified the order is affirmed, without costs and without disbursements.