596 P.2d 1223 (1979)
George F. KIMMICK, Plaintiff-Appellee,
v.
Pete SANTILLI, James Santilli, and Elmer Santilli, Defendants-Appellants.
No. 78-1037.
Colorado Court of Appeals, Div. III.
April 5, 1979.
Rehearing Denied April 26, 1979.
Fredrickson, Johnson & McDermott, P.C., John A. McDermott, Tom N. Kiehnhoff, Canon City, for plaintiff-appellee.
*1224 Roger M. Breyfogle, Canon City, for defendants-appellants.
STERNBERG, Judge.
Defendants, the Santillis, appeal the judgment of the district court ordering them to convey to plaintiff, George Kimmick, pursuant to an option to purchase contained in a lease, a parcel of real property on which a service station is situate. Kimmick cross-appeals the portion of the judgment ordering him to pay monthly rent on the property from the time he gave notice of his intent to exercise the option until the closing. We affirm the order to convey, but modify the rent payment order.
The case was submitted upon an agreed statement of facts which disclosed that in August of 1956, the Santillis and Kimmick's assignor, Continental Oil Company, entered a written lease for a primary term of 10 years with rights to renew for two additional five-year periods "upon the same terms and conditions." The primary term was to commence upon the completion of certain improvements, and by written agreement it did commence in June 1957.
The lease granted the lessees an option to purchase the property at any time during the continuance of the lease for $50,000 to be exercised by giving notice to the Santillis. The monthly rent was $300 with a clause raising the rent to cover any increase in property taxes in the renewal period.
The two renewal rights had been exercised by Conoco and in February 1977, Conoco assigned the lease to Kimmick. He gave notice of his election to exercise the option to purchase, but the Santillis refused to convey the property.

I.
The Santillis contend that property tax increases during the two five-year renewal periods of the lease caused an additional $1,010.40 to be due on the rent. They reason that Conoco, having paid only the $300 per month rent, breached the lease contract and lost the option to purchase, so that its assignee Kimmick obtained no option.
For 20 years the Santillis accepted the $300 per month rental. Tax notices were sent to them and paid by them. Prior to Kimmick's efforts to exercise the option, the Santillis never notified Conoco, or Kimmick, of any rent increase caused by increased taxes, and they neither objected to the amount of rent paid, nor attempted to exercise the default provisions of the lease and evict Conoco or Kimmick.
The trial court found that the Santillis' acceptance of the $300 per month without objection constituted a waiver of their right to rely on Conoco's default as a ground for terminating the lease. We agree. See Merkowitz v. Mahoney, 121 Colo. 38, 215 P.2d 317 (1949). Cf. Beck v. Giordano, 144 Colo. 372, 356 P.2d 264 (1960).
The trial court concluded that part payment of the rent under these circumstances constituted substantial performance of the contract, thus entitling the Santillis to the additional rent as damages for Conoco's minor breach, but not affording them an excuse for non-performance of their duty to honor the option. We agree with this interpretation of the lease construing the provisions as mutual promises, rather than as conditions, as argued by the Santillis. See Charles Ilfeld Co. v. Taylor, 156 Colo. 204, 397 P.2d 748 (1964); 3A A. Corbin, Contracts § 633 (1960).
The lease being in full force and effect, the Santillis' argument that Conoco was a holdover tenant on a month to month tenancy, with no option rights for assignment to Kimmick also fails. The Santillis having taken no action to terminate the lease, it was not automatically terminated. See Audubon Commercial Area Co. v. Skelly Oil Co., 268 F.Supp. 883 (D.Colo.1967); § 13-40-101 et seq., C.R.S.1973.
The Santillis' contention that the lease violates the rule against perpetuities is answered by a recent decision of this court, Oliner v. City of Englewood, Colo. App., 593 P.2d 977 (1979). See also Roemer v. Sinclair Refining Co., 151 Colo. 401, 380 P.2d 56 (1963), holding that the rule against perpetuities does not apply to options to *1225 purchase contained in a lease which are to be exercised during the primary term or renewals of the lease.
The Santillis' other contentions of error are without merit.

II.
On cross-appeal, Kimmick contends that the trial court erred in ordering him to pay rent from the time he gave notice of his intent to exercise the option until the closing. The trial court allowed the parties 30 days from its final order of September 19, 1978, to complete the closing.
The lease provided for rent abatement as of the date of delivery of the deed. However, the closing was delayed because of the Santillis' refusal to tender an abstract of title. We agree with the trial court's finding that 30 days was a reasonable time within which to close the transaction, but we do not agree that the time should have started to run as of the date of its order. Use of that date gives the Santillis rent for a period to which they are not entitled: Had they performed under the contract, the delivery of the deed would have taken place earlier. Thus, we hold that the 30-day period should have run from March 15, 1977, when Kimmick gave notice of his intent to exercise the option, and Kimmick is liable for rent only for this 30-day period.
The portions of the judgment ordering specific performance and that Kimmick pay the rent owed for increased property taxes are affirmed, but the portion of the judgment ordering Kimmick to pay rent from the time he gave notice until closing is modified. The cause is remanded for proceedings consistent with this opinion.
SMITH and RULAND, JJ., concur.