(643 P.2d 1108)
No. 53,541

DANIELS TRUCKING, INC., *Plaintiff and Appellant*, v. JIMMIE ROGERS, *Defendant and Third Party Plaintiff and Appellee*, and HAROLD DANIELS and ROGER NOBLE, *Third Party Defendants*.

Opinion filed April 1, 1982.

*Stanley E. Antrim*, of Light, Yoxall, Antrim & Richardson, of Liberal, for appellant.

*Gene H. Sharp*, of Vance, Hobble, Neubauer, Nordling, Sharp & McQueen, P.A., of Liberal, for appellee.

Before ABBOTT, P.J., SWINEHART and MEYER, JJ.

MEYER, J.: This case involves the question of title to a stock trailer given to Daniels Trucking, Inc. (appellant) by one of the former partners of a dissolved partnership after the dissolution of the partnership.

Prior to June, 1975, appellee Jimmie Rogers (Rogers) and Roger Noble (Noble) were in partnership under the name of R & N

Trucking Co. Title to the disputed trailer prior to the date of dissolution was in the name of "Jimmie Rogers & or Roger Noble dba R & N Trucking Co." The trailer was leased to appellant who, having advanced some of the purchase price to the partnership, retained a lien on the trailer. When the partners dissolved their partnership in June of 1975, the property of the partnership was divided between the partners. The trailer in question was one of the items of what was formerly partnership property which was allocated to Rogers, and he obtained possession of the trailer at that time.

Some 3½ years after dissolution of the partnership, Noble (by then an employee of appellant) undertook to transfer title to appellant. Prior to such date, however, Rogers had obtained title to the trailer; hence at the time of the institution of the instant case, appellant had an Oklahoma certificate of title in the name of Daniels Trucking, Inc., and Rogers had a Kansas title bearing an earlier date than that of Daniels Trucking, Inc.

It is important to note that there is sufficient evidence to substantiate the conclusion of the trial court that the partnership was formally dissolved in June of 1975, and that appellant herein knew of said dissolution at or about that same date, and knew that possession of the trailer in question at that time passed to Rogers and that Rogers retained possession thereof at all times after such dissolution.

It seems apparent that Noble promised appellant on one or more occasions after June of 1975 that the indebtedness due appellant would be paid. There is no evidence to suggest that Rogers made any promise to appellant after the dissolution of the partnership. Also, Rogers specifically denies having made any such promise; and it is clear that Rogers did not in any way participate in the transfer of the title to the trailer to appellant.

Appellant argues that the dissolution of the partnership did not discharge the liability of either partner, and that either partner could convey partnership property in satisfaction of partnership debts. Clearly, upon dissolution of a partnership, the partners remain jointly and severally liable for partnership debts.

K.S.A. 56-315 states in part: "All partners are liable jointly and severally for everything chargeable to the partnership . . . ." K.S.A. 56-336(*a*) states: "The dissolution of the partnership does not of itself discharge the existing liability of

any partner." Hence, both partners remained jointly and severally liable to appellant. See also *Mildfelt v. Lair,* 221 Kan. 557, 561 P.2d 805 (1977).

The trial court, while noting that the action of appellant was for possession of the trailer, nevertheless concluded that the real issue in the case was the indebtedness of the partnership to appellant. There is some evidence to support this conclusion. Accordingly, the trial court held that such indebtedness was barred by the applicable statute of limitations, K.S.A. 60-512.

Considering the trial court's conclusion to the effect that the real issue was the indebtedness of the partnership, and considering also that the petition was one seeking possession based on transfer of title, we will address the issues under both theories. Therefore, the questions we consider are (1) whether Noble had authority to convey the trailer, (2) whether he had an interest to convey, and (3) whether he could, as to Rogers, renew a debt on which the statute of limitations had run by his promise to pay. We will consider these questions in that order.

A comparison of appellant's choses in action before and after dissolution reveals that appellant was not prejudiced by the dissolution agreement. Both before and after the dissolution, appellant had a cause of action on partnership debts and a lien on the trailer. The dissolution agreement did not affect either of these rights, and both partners remained personally jointly and severally liable. K.S.A. 56-315, 56-336(*a*). Hence, the dissolution agreement did not prejudice appellant, and was therefore valid, and Noble had no interest in the trailer to convey to appellant. Because, strictly construing the petition, this is not a suit on the partnership debt or a foreclosure on the lien on the trailer (*i.e.,* appellant's only claim to the trailer is through the assignment of the original Oklahoma title by Noble), and because Noble had no interest in the trailer to convey, the court properly found for Rogers. Also, although Noble might have been able to defeat Rogers' interest in the trailer by assigning the original Oklahoma title to an innocent third party, appellant does not appear justified in relying on the certificate because it knew the partnership had been dissolved and that its assignor of the title had not had possession of the trailer since 1975. See *Farm Bureau Mutual Ins. Co. v. Carr,* 215 Kan. 591, 528 P.2d 134 (1974).

From the foregoing, it is clear that Noble had no authority to

convey the trailer, nor did he have an interest to convey. Appellant had no justifiable reason to assume that Noble could do so and therefore appellant cannot prevail under the foregoing theories (1) or (2).

We will now address the question whether the trial court was correct in concluding that the statute of limitations precluded appellant's recovery herein, and as a corollary thereto will decide whether laches would bar the appellant.

K.S.A. 56-337 states:

"Subject to the provisions of the acts contained in article 10 of chapter 59 of the Kansas Statutes Annotated, unless otherwise agreed, the partners who have not wrongfully dissolved the partnership or the legal representative of the last surviving partner, not bankrupt, has the right to wind up the partnership affairs: *Provided, however,* That any partner, his or her legal representative or his or her assignee, upon cause shown may obtain winding up by the court."

### K.S.A. 56-335 states in part:

"(*a*) After dissolution a partner can bind the partnership, except as provided in subsection (*c*).

(1) By any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution;

(2) by any transaction which would bind the partnership if dissolution had not taken place, provided the other party to the transaction (i) had extended credit to the partnership prior to dissolution *and had no knowledge or notice of the dissolution;* or (ii) though he or she had not so extended credit, had nevertheless known of the partnership prior to dissolution, *and, having no knowledge or notice of dissolution,* the fact of dissolution had not been advertised in a newspaper of general circulation in the place (or in each place if more than one) at which the partnership business was regularly carried on.

"(*b*) The liability of a partner under subsection (*a*)(2) shall be satisfied out of partnership assets alone when such partner had been prior to dissolution;

(1) *Unknown as a partner to the person with whom the contract is made;* and

(2) so far unknown and inactive in partnership affairs that the business reputation of the partnership could not be said to have been in any degree due to his or her connection with it." (Emphasis added.)

We interpret K.S.A. 56-335(1) as contemplating that the "winding up" of partnership affairs be accomplished within a reasonable time, and that under the facts of the instant case such reasonable time had long since passed. In any event such time could not logically extend beyond the time limits of K.S.A. 60-512. K.S.A. 56-335(2) has specific reference to situations where the creditor had no knowledge or notice of the dissolution as indicated by the portions of that statute which we have emphasized as set out above. This subsection is also unavailing to

appellant herein because of appellant's long-time notice of such dissolution. Moreover, K.S.A. 56-335(*b*)(1) is applicable when the partner who is sought to be held liable is unknown to the creditor.

While the above statutes give a former partner the right in some instances to bind the partnership (and therefore all partners) after dissolution, it does not appear applicable to the case at hand for the reasons stated above. But even if appellant were not excluded from the protective terms of the above statutes for other reasons, we feel the statutes should be interpreted as requiring that, for one former partner to so bind another former partner, he must undertake to do so within a reasonable time. Additionally, the statute of limitations, K.S.A. 60-512, continues to run, and the creditor will be barred if he fails to bring his action within the time period prescribed by that statute. The real question then becomes whether one member of a dissolved partnership can revive a partnership debt barred by the statute of limitations and thereby bind another former partner by such revival.

Because partners remain jointly and severally liable for partnership debts under K.S.A. 56-315, even after dissolution of the partnership, K.S.A. 56-336(*a*), K.S.A. 60-520(*b*) is in point:

"If there be two or more joint contractors, no one of whom is entitled to act as the agent of the others, no such joint contractor shall lose the benefit of the statute of limitations so as to be chargeable by reason of any acknowledgment, promise or payment made by any other or others of them, unless done with the knowledge and consent of, or satisfied [ratified] by the joint contractor sought to be charged."

This statute was applied in *Brandeberry v. Goodpaster,* 302 F. Supp. 736 (W.D. Okla. 1969). The court noted that the burden of proof is on the party claiming revival of a barred debt, and ruled the debt was barred because there was no showing that defendants had consented to the partial payments which tolled the statute of limitations.

It appears to be a sound rule that absent agency or ratification, one codebtor is not bound by another's acknowledgment of a barred debt. This rule has been adopted in other states. *Lyons National Bank v. Moore,* 14 App. Div. 2d 488, 217 N.Y.S.2d 279 (1961); *Bender v. Vaughan,* 106 Ohio App. 136, 153 N.E.2d 778 (1958). Applying that rule to the present case, it seems clear that after dissolution of the partnership, Noble was not entitled to act as Rogers' agent in acknowledging or agreeing to pay the barred debt. It is also clear that the trailer was not conveyed with Rogers'

consent nor did he ratify that conveyance. Therefore, Rogers was not bound by Noble's acknowledgment or attempted partial payment of the debt.

We further conclude that laches bars appellant from now asserting title to the trailer involved in this case, in view of the fact that appellant knew of the partnership dissolution, of Rogers' possession of the trailer, and that appellant had known such facts since on or about June of 1975, or some 3 ½ years before bringing the current action.

Since appellant had knowledge of the dissolution of the partnership and of the location of the trailer for some 3½ years, he could not take advantage of Noble's abortive attempt to bind Rogers under K.S.A. 56-335. Further, appellant would be precluded under K.S.A. 60-520(*b*) from binding Rogers after the applicable statute of limitations (K.S.A. 60-512) had run its course.

Accordingly, we hold that the judgment of the trial court must be affirmed. This is because not only did Noble lack an interest in, or the authority to convey, the trailer; but also because appellant was barred by both the statute of limitations and by laches.

Affirmed.