**ROCKY MOUNTAIN PROPERTIES,**
**a Minnesota partnership,**
**Plaintiff–Appellee,**

v.

**PURIFIED H20 TO GO CO., a Colorado corporation; David M. Severance; and All Other Persons Occupying Such Premises, Defendants–Appellants.**

**No. 98CA2342.**

Colorado Court of Appeals,
Div. IV.

April 13, 2000.

As Modified on Denial of Rehearing
May 25, 2000.

Brenda M. Sauro, LLC, Brenda M. Sauro, Highlands Ranch, Colorado, for Plaintiff–Appellee.

Alexander & Ricci, L.L.C., William A. Alexander, Jr., Colorado Springs, Colorado, for Defendants–Appellants.

Opinion by Judge VOGT.

In this forcible entry and detainer action, defendants, Purified H20 To Go Co. and its chief executive officer, David M. Severance (collectively, tenant), appeal the judgment for possession entered in favor of plaintiff, Rocky Mountain Properties (landlord). We affirm.

Tenant failed to pay rent that was due for October 1998. Landlord retained a process server to serve tenant with the three-day notice demanding payment of rent or possession, as set forth in §§ 13–40–104(1)(d) and 13–40–106, C.R.S.1999. On November 10, 1998, landlord filed a complaint in unlawful detainer and for damages. Attached to the complaint was a copy of the demand and the process server's affidavit stating that the demand had been served by posting on October 30, 1998.

Eight days after receiving these documents, tenant offered to pay the past-due rent, but landlord refused to accept it. The case proceeded to trial, at which tenant defended by claiming that he had not received the initial demand for payment or possession.

There was conflicting testimony on this issue. The process server testified that she had taped the demand to the front door of tenant's premises because the door was locked and no one responded to her knock. Two of tenant's employees testified that they were at the premises on the afternoon in question but that no demand was served.

In its bench ruling at the conclusion of trial, the court made no finding as to whether the demand had in fact been served on October 30. Rather, it stated that "the three-day notice was accomplished by the service of the summons and complaint and [the tenant's] failure to tender the rent within three days from that," and accordingly concluded that plaintiff was entitled to a judgment of possession. At that point, in response to the court's request for an appropriate order, landlord's counsel tendered a prepared order for possession, which the court immediately signed. The written order for possession includes a finding that plaintiff served the demand for rent or possession on October 30 by posting a copy of it at the premises.

On appeal, tenant contends that the court's bench ruling was erroneous because the demand for rent or possession had to be served

three days before commencement of the action, and appending the demand to the complaint did not cure landlord's failure to do so. Tenant also argues that the written order of possession, which includes a finding that service was accomplished on October 30, should not be considered because the court simply signed an offer drafted by counsel without reading it. We address each of these contentions in turn.

## I.

We agree with tenant that appending a copy of the three-day notice to the complaint is insufficient to satisfy the requirements for commencing a forcible entry and detainer action.

Section 13–40–104(1)(d) provides that a tenant is guilty of an unlawful detention of real property when (1) the tenant holds over without the landlord's permission after a default in a rent payment and (2) the landlord has given three days' notice in writing requiring, in the alternative, the payment of rent or the possession of the premises.

Absent other actions amounting to unlawful detainer, service of such notice is a prerequisite to filing a forcible entry and detainer action. *See Doss v. Craig,* 1 Colo. 177 (1869)(a party cannot be guilty of unlawful detainer until after demand has been made upon him; by requiring prior demand, legislature intended to give tenant an opportunity to surrender possession and avoid expensive litigation); *see also Audubon Commercial Area Co. v. Skelly Oil Co.,* 268 F.Supp. 883 (D.Colo.1967)(demand for payment was prerequisite to declaring forfeiture where right to demand was not waived).

There is no contention here that the right to notice and demand was waived. Thus, in this case, any failure to serve the demand three days before filing suit would not have been cured by the mere act of appending a copy of the demand to the complaint, and the trial court's statement to that effect in its bench ruling was incorrect.

## II.

We nevertheless conclude that, in light of the trial court's written order finding that tenant had been served with the demand on October 30, tenant is not entitled to relief.

Pursuant to § 13–40–108, C.R.S. 1999, the demand for possession or rent may be served by posting it in a conspicuous place if no one is on the premises at the time service is attempted. *See Magliocco v. Olson,* 762 P.2d 681 (Colo.App.1987). As noted above, there was conflicting testimony at trial as to whether the notice had in fact been posted on the door of the premises. It was for the trial court to resolve this conflicting evidence based on its assessment of the credibility of the witnesses. Its findings based on such assessment must be accepted on review. *See M.D.C./Wood, Inc. v. Mortimer,* 866 P.2d 1380 (Colo.1994).

Contrary to tenant's argument on appeal, we are not persuaded to disregard the trial court's finding simply because the order including that finding was prepared by landlord's counsel, as permitted under C.R.C.P. 121 § 1–16, and was signed by the court as soon as it was tendered. Although we scrutinize a trial court's findings more critically under these circumstances, we will sustain those findings if, as here, they are supported by the evidence. *Ficor, Inc. v. McHugh,* 639 P.2d 385 (Colo.1982).

The complaint was filed more than the requisite three days after service of the demand, and tenant asserts no other viable basis for setting aside the order. Therefore, the judgment for possession is affirmed.

Judge MARQUEZ and Judge TURSI * concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.